**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EDUARDO SOLIS-ESPINOZA,
                    *Petitioner,*

v.

ALBERTO GONZALES, Attorney
General,*

                    *Respondent.*

No. 03-70625

Agency No.
A35-620-773

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
August 4, 2004—Pasadena, California

Filed March 23, 2005

Before: Stephen Reinhardt, John T. Noonan, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

*Alberto Gonzales is substituted for his predecessor, John Ashcroft, as
Attorney General. *See* Fed. R. App. P. 43(c)(2).

3567

## COUNSEL

Thomas A. Lappin, Aguirre & Cotman A.P.C., San Diego, California, for the petitioner.

Joan E. Smiley, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

CLIFTON, Circuit Judge:

Eduardo Solis-Espinoza petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming with-

out opinion a final order of removal to Mexico. Petitioner contends that he is not removable because he is a United States citizen.

Though born in Mexico, Solis-Espinoza claims citizenship by virtue of the U.S. citizenship of the woman he knew as his mother. That woman, who was married to petitioner's biological father at the time of petitioner's birth, acknowledged petitioner from his infancy as a member of her family and raised him as his mother, though he did not in fact have a biological connection with that woman. In *Scales v. INS*, 232 F.3d 1159, 1166 (9th Cir. 2000), we previously held that a blood relationship between a child and a U.S. citizen was not required to establish citizenship under 8 U.S.C. § 1401(g), if the child in question was not born out of wedlock. The primary issue posed in this case is whether Solis-Espinoza was "born out of wedlock," such that the blood relationship requirement set forth in 8 U.S.C. § 1409 applies to him and bars his claim to citizenship. We conclude that he was not illegitimate or born out of wedlock. He thus qualified for citizenship under the applicable statute, and as a citizen, is not subject to removal. We grant the petition.

## I.  BACKGROUND

Solis-Espinoza was born in Tijuana, Mexico in 1967. He was raised in the United States by his biological father, Refugio Solis, a Mexican citizen and lawful permanent resident of the United States, and his father's wife, Stella Cruz-Dominguez, a natural-born United States citizen. Solis and Cruz-Dominguez were married at the time of Solis-Espinoza's birth. Solis-Espinoza's biological mother was Maria Luisa Cardoza, a Mexican citizen, who abandoned him. Cruz-Dominguez accepted the infant as her own child, and the couple raised him to adulthood as part of their family. Indeed, Cruz-Dominguez is listed as Solis-Espinoza's mother on his birth certificate, although petitioner concedes that she is not his biological mother.

In 2001, when he was 33 years old, Solis-Espinoza was convicted in California state court of a felony, possession of methamphetamine for sale. The Immigration and Naturalization Service then charged Solis-Espinoza as removable from the United States as an alien convicted of an aggravated felony, under 8 U.S.C. § 1227(a)(2)(A)(iii).

The Immigration Judge ("IJ") originally determined that Solis-Espinoza had acquired United States citizenship through his connection to Cruz-Dominguez and thus was not subject to removal. Relying on 8 U.S.C. § 1401(g) and our decision in *Scales*, the IJ reasoned that the term "legitimate" simply required that the person be "born during the course of a marriage to a couple, even where one of the couple was not the biological parent." Thus the IJ concluded that Solis-Espinoza had acquired derivative citizenship at birth because a blood relationship was not necessary to legitimate a child born to a couple during the course of marriage.

The INS appealed the IJ's decision to the BIA, and the BIA reversed, in a decision entered in 2002. The BIA determined that Solis-Espinoza "was born out of wedlock," because his biological father was not married to his biological mother at the time of his birth. That meant, according to the BIA, that Solis-Espinoza was subject to 8 U.S.C. § 1409, which "requires that a person born out of wedlock who claims citizenship by birth actually shares a blood relationship with an American citizen. *See Miller v. Albright*, 523 U.S. 420, 435 (1998); *see also Scales v. INS*, 232 F.3d 1159, 1166 (9th Cir. 2000) (an illegitimate child must establish a blood relationship with a citizen parent to establish citizenship)." Since neither of Solis-Espinoza's biological parents were United States citizens, he did not share a blood relationship with a U.S. citizen and did not, according to the BIA, qualify for citizenship.

On remand, the IJ ordered Solis-Espinoza removed to Mexico in accordance with the BIA's instructions. The BIA subse-

quently affirmed that order of removal, without opinion, in 2003. Solis-Espinoza seeks review of that order.

## II. DISCUSSION

We review legal questions, including claims of citizenship, de novo. *Scales*, 232 F.3d at 1162. Factual determinations are reviewed under the substantial evidence standard and are upheld "unless the evidence compels a contrary conclusion." *Id*. (quoting *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir. 1999)). As the BIA summarily affirmed the second decision of the IJ, we review the decision as if it were that of the BIA. *See Al-Harbi v. INS,* 242 F.3d 882, 887-88 (9th Cir. 2001).

**[1]** " 'The applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth.' " *Scales*, 232 F.3d at 1162-63 (quoting *United States v. Viramontes-Alvarado*, 149 F.3d 912, 915 (9th Cir.), *cert. denied*, 525 U.S. 976, (1998)). When Solis-Espinoza was born in 1967, the categories of persons recognized as nationals and citizens of the United States at birth, set forth in 8 U.S.C. § 1401, included:

> a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years . . . .

8 U.S.C. § 1401(a)(7) (1964) (redesignated in 1978 as § 1401(g)). "Child," as used in the subchapter concerning nationality, including § 1401, was defined as follows:

> The term "child" means an unmarried person under twenty-one years of age and includes a child

legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in the United States or elsewhere, and, except as otherwise provided in sections 1431-1434 of this title, a child adopted in the United States, if such legitimation or adoption takes place before the child reaches the age of sixteen years, and the child is in the legal custody of the legitimating or adopting parent or parents at the time of such legitimation or adoption.

8 U.S.C. § 1101(c)(1) (1964).[1] Our decision in *Scales* concerned the same statutes, since they were in the same form ten years later, in 1977, when the petitioner in that case was born. That precedent thus controls our interpretation of these statutes.

Although the first decision by the IJ, which favored petitioner, explicitly relied upon this court's decision in *Scales*, the only reference in the BIA's 2002 opinion to our decision was the "see also" citation quoted above. A more careful review of that precedent is in order.

*Scales* involved a child who was born to a non-citizen woman who was married at the time of the child's birth to a U.S.-citizen man. That man accepted the child and acted as his father, even though he was not the biological father of the child. In short, it presented a situation much like the current case, but with the genders of the parents reversed. In both cases, neither of the biological parents of the petitioner was a U.S. citizen, so there was no blood relationship between the child and a U.S. citizen.

---

[1]The definitions section of the statute referenced the terms "parent," "father," and "mother," but did not specifically define those terms, except to note that they include a deceased parent in the case of a posthumous child. 8 U.S.C. § 1101(c)(2) (1964).

**[2]** While we observed in *Scales* that the "blood relation-ship" requirement in 8 U.S.C. § 1409 applied to an illegiti-mate child, we held that the requirement applied *only* to an illegitimate child and that it did not apply to someone who was not born "out of wedlock." 232 F.3d at 1164. The peti-tioner in that case was not illegitimate, we determined, since he was "born to parents who were married at the time of his birth," even though the husband in that married couple was not the child's biological father. Thus we concluded that § 1409 did not apply to him. We then determined that the petitioner qualified for citizenship under § 1401, despite the lack of a blood relationship between the child and the U.S. citizen parent, since the statute did not require a blood rela-tionship for citizenship, other than the requirement under § 1409 applicable only to a child born out of wedlock.

The BIA concluded that Solis-Espinoza was born out of wedlock because his father was not married to his birth mother. No authority was cited to support that conclusion.

**[3]** The relevant state of domicile for Solis-Espinoza and his father was California. In 1967, California Civil Code § 230**²** provided specifically that a child, such as Solis-Espinoza, who was acknowledged by the father and accepted into the family by the father's wife, was legitimate:

> The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legiti-mate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth.

---

**²**Cal. Civ. Code § 230 was enacted in 1872 and repealed by the enact-ment of the 1976 Uniform Parentage Act, Cal. Civ. Code §§ 7000-7018.

*Id.* There appears to be no dispute that petitioner was acknowledged by Solis and was accepted into and raised as a member of the Solis family, with the consent of Cruz-Dominguez. Under the law of California at the relevant time, therefore, Solis-Espinoza was "for all purposes legitimate" from the time of his birth. Since he was not "born out of wedlock," under our decision in *Scales* the blood relationship requirement of § 1409 does not apply to him and he is entitled to be recognized as a citizen under § 1401.

That result is logical. In every practical sense, Cruz-Dominguez was petitioner's mother and he was her son. There is no good reason to treat petitioner otherwise. Public policy supports recognition and maintenance of a family unit. The Immigration and Nationality Act ("INA") was intended to keep families together. It should be construed in favor of family units and the acceptance of responsibility by family members. *See, e.g.*, *Kaliski v. Dist. Dir. of INS*, 620 F.2d 214, 217 (9th Cir. 1980) (discussing the "humane purpose" of the INA and noting that a "strict interpretation" of the Act, including an "arbitrary distinction" between legitimate and illegitimate children, would "detract from . . . the purpose of the Act which is to prevent continued separation of families."); H.R. Rep. No. 85-1199, pt. 2 (1957), *reprinted in* 1957 U.S.C.C.A.N. 2016, 2020 (observing that the "legislative history of the Immigration and Nationality Act clearly indicates that Congress intended to provide for a liberal treatment of children and was concerned with the problem of keeping families of United States citizens and immigrants united.").

## III. CONCLUSION

**[4]** We thus grant the petition. Solis-Espinoza was a legitimate child, not born out of wedlock, and is thus a United States citizen pursuant to 8 U.S.C. § 1401(g). As such, he is not removable as an alien.

PETITION GRANTED.