NOONAN, Circuit Judge:
As of today’s date, Tijani has been deprived of his liberty by the government for a period of over two years and eight months. ' This deprivation has been inflicted not as the result of any adjudication of crime but as a bureaucratic application of the authority conferred on the Attorney General by 8 U.S.C. § 1226(c). Despite the substantial powers that Congress may exercise in regard to aliens, it is constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal. See Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). The case is distinct from Demore v. Kim, 538 U.S. 510, 513-514, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), where the alien conceded deporta-bility.
To avoid deciding the constitutional issue, we interpret the authority conferred by § 1226(c) as applying to expedited removal of criminal aliens. Two years and eight months of process is not expeditious; and the foreseeable process in this court, where the government’s brief in Tijani’s appeal of the removal was only filed last month after two extensions of time, is a year or more. ■ -
We remand to the district court with directions to grant the writ unless the government within 60 days of this order provides a hearing to Tijani before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community. See Cooper v. Oklahoma, 517 U.S. 348, 363, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996).
REVERSED and REMANDED.