Francisco **VIDAL–MORENO,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 03–74752.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Decided April 5, 2006.

Murray D. Hilts, Esq., Michael J. Codner, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Carol Federighi, Esq., M. Jocelyn Lopez Wright, Esq., Washington, DC, for Respondent.

Before: CANBY, NOONAN, and KLEINFELD, Circuit Judges.

### MEMORANDUM *

Francisco Vidal–Moreno petitions for review of the BIA's dismissal of his appeal from an Immigration Judge's ("IJ") ruling that he did not acquire derivative citizenship through his mother under the Immigration and Naturalization Act ("INA") § 301(g), 8 U.S.C. § 1401(g). We have jurisdiction over the BIA's final order of removal, 8 U.S.C. § 1252, and we deny the petition for review.

We review de novo Vidal–Moreno's citizenship claim. *See Solis–Espinoza v. Gonzales,* 401 F.3d 1090, 1092 (9th Cir. 2005). We review the BIA's and the IJ's factual findings and credibility determinations for substantial evidence and will reverse if the record compels the conclusion that Vidal–Moreno is a citizen. *See Vera–Villegas v. INS,* 330 F.3d 1222, 1230 (9th Cir.2003).

To establish derivative citizenship under § 301(g), Vidal–Moreno, who was born in Mexico, had the burden of showing, among other things, that before his birth his citizen mother, Marcelina, was physically present in the United States for periods totaling a minimum of ten years, at least five of which were after she reached the age of fourteen. *See Scales v. INS,* 232 F.3d 1159, 1163 (9th Cir.2000) (holding that evidence of foreign birth shifts burden to individual to establish citizenship). It was undisputed that Marcelina lived in the United States for more than five years before she reached age fourteen, so the crucial question was whether Vidal–Moreno could establish that Marcelina was present in the United States for a total of at least five years between her fourteenth

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

birthday on June 17, 1950, and the birth of Vidal–Moreno on July 18, 1970. Credible testimony alone can be sufficient to establish Marcelina's presence. *See Vera–Villegas,* 330 F.3d at 1225 (holding that the time element of an alien's physical presence in the United States may be shown by credible testimony or written declarations).

The record does not compel the conclusion that Marcelina was present in the United States for the required time because her credible testimony was too inconsistent and vague to establish her presence in the United States. She testified that during the operative period she: (1) worked in the United States; (2) met her husband in 1950 while visiting her parents in Mexico; (3) gave birth in Mexico ten times; and (4) frequently visited or stayed with her parents in Mexico. She did not remember how long her stays in Mexico lasted, and no other evidence established her location during the operative years. *Cf. Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 853 (9th Cir.2004) (holding that an alien's testimony providing a detailed and internally consistent work history, documentary evidence supporting his testimony, and the written declarations and testimony of several employers, landlords, friends, and family established his presence for the required time). On this inconclusive record, substantial evidence supports the IJ's decision that Vidal–Moreno failed to establish the requisite physical presence of Marcelina in the United States.

The petition for review is DENIED.