Arturo **GAMEZ–VILLAGRANA, A.K.A. Arturo Games Villagrana A.K.A. Arturo Gomez A.K.A. Arturo Villagrana, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75441.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2007.

Filed Aug. 2, 2007.

Tod L. Gamlen, Esq., Baker & McKenzie, Palo Alto, CA, Christopher Van Gundy, Esq., Saralyn M. Ang–Olson, Esq., Baker & McKenzie, San Francisco, CA, Arturo Gamez–Villagrana, Eloy Detention Center, Eloy, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Greg D. Mack, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM *

Arturo Gamez–Villagrana petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order finding him removable based on a prior conviction involving a controlled substance. Gamez–Villagrana argues that he is not removable because he acquired citizenship through his mother, Simona, a United States citizen who is now deceased.

"[T]he Constitution is violated when a person with a non-frivolous claim to U.S. citizenship is deported without receiving a judicial determination of that claim." *Rivera v. Ashcroft*, 394 F.3d 1129, 1140 (9th Cir.2005) (as amended). Under 8 U.S.C. § 1252(b)(5)(B), "If [a] petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court ... for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought" under 28 U.S.C. § 2201 (authorizing declaratory judgment action).

A petitioner's claim to citizenship based on the citizenship of his or her parent is determined by looking to the statutes in effect at the time of the petitioner's birth. *See Miller v. Albright*, 523 U.S. 420, 424, 118 S.Ct. 1428, 140 L.Ed.2d 575 (1998); *Solis–Espinoza v. Gonzales*, 401 F.3d 1090, 1092 (9th Cir.2005). It is undisputed that (1) Gamez–Villagrana was born in Mexico on March 8, 1957, (2) his mother was a United States citizen, and (3) his father was a Mexican national. Based on these facts, and on other evidence in the record, including Gamez–Villagrana's testimony before the IJ, his mother's baptismal record, her FICA record, his parents' marriage certificate, and a letter from Simona's younger sister, Bernarda, we find that a genuine issue of fact exists concerning whether petitioner acquired United States citizenship under the versions of INA §§ 301(a)(7), 8 U.S.C. § 1401(g), and 309(c), 8 U.S.C. § 1409(c), in effect at the time of his birth in 1957. We therefore transfer this proceeding to the federal district court for the District of Arizona, where petitioner is in custody, for a de novo hearing on his nationality claim, and hold his "petition for review in abeyance pending judicial determination of this claim." *Sanchez–Sanchez v. INS*, 957 F.2d 702, 703 (9th Cir.1992).

We note that petitioner has now been in the custody of the Attorney General, pursuant to INA § 236(c), 8 U.S.C. § 1226(c), for more than three years. In *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir.2005), we held that "the authority conferred by § 1226(c) ... appl[ies] to expedited removal of criminal aliens. Two years and eight months of process is not expeditious...." Thus, under *Tijani*, petitioner may well be entitled to habeas relief upon application to the district court given the length of his detention to date and of the "foreseeable process" to come. *See id.*

Petition HELD IN ABEYANCE; proceeding TRANSFERRED to the district court.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.