**Wilhelm STRAUBE, Petitioner,**

**v.**

**Michael CHERTOFF, Secretary of the Department of Homeland Security, et al., Respondents.**

**Case No. 07 CV 1751 JM (NLS).**

United States District Court, S.D. California.

May 14, 2008.

James Fife, Esq., Federal Defenders of San Diego, San Diego, CA, for Petitioners.

Samuel William Bettwy, Esq., U.S. Attorney's Office Southern District of California, Civil Division, San Diego, CA, for Respondents.

## ORDER PARTIALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING BAIL HEARING WITHIN 60 DAYS

JEFFREY T. MILLER, District Judge.

Petitioner Wilhelm Straube, a Guatemalan native, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal detention. The court granted Petitioner's motion to proceed *in forma pauperis* and motion for appointment of counsel. For the reasons set forth below, the court hereby **GRANTS** the petition in part and **ORDERS** Respondents to provide Petitioner with a bail hearing.

## I. BACKGROUND

Petitioner unlawfully entered the United States in 1976. (*See* Return, Exhs. at 2 (Order to Show Cause dated Oct. 19, 1988).) On October 20, 1987, he was convicted of three counts of burglary and sentenced to six years in prison. (*See id.* at 1.) On August 24, 1995, he was convicted of unlawful taking of a vehicle. (*See id.* at 14.) On June 9, 1998, he was convicted of petty theft with a prior and sentenced to six years in prison. (*See id.* at 7–13.) Respondents took Petitioner into custody on January 26, 2004, upon his release from prison. Petitioner remains in their custody.

On July 22, 2004, an immigration judge ("IJ") ordered Petitioner deported to Guatemala. Respondents charged Petitioner with removability under 8 U.S.C. § 1227(a)(2)(A)(i), which provides that an alien is deportable if the alien is convicted of a crime of moral turpitude (1) committed within five years of entry into the country and (2) for which a sentence of one year or longer may be imposed. The IJ found this provision inapplicable because Petitioner's earliest criminal conviction involved a crime committed ten years after Petitioner entered the country. Respondents amended their charge, alleging that Petitioner was removable under § 1227(a)(1)(B) because his presence in the country violated the immigration laws. The IJ ordered Petitioner deported based on this charge. The IJ also rejected Petitioner's request for asylum and withholding or removal.

On January 13, 2005, the Board of Immigration Appeals ("BIA") denied Petitioner's appeal as untimely. On February 3, 2005, Petitioner filed a timely appeal in the Ninth Circuit. (*See Straube v. Mukasey*, No. 05–70573 (9th Cir. filed Feb. 3, 2005).) The court consolidated this appeal with another petition for review (*see Straube v. Mukasey*, No. 05–73317 (9th Cir. filed Jun. 6, 2005)) and granted Petitioner's motion to stay deportation. After conducting oral argument on August 7, 2007, the court deferred submission of the

appeal and allowed the parties to seek reopening of the case in the BIA. The parties filed a joint motion to reopen and the IJ appears to have granted the motion and reissued its decision, enabling Petitioner to file a timely appeal with the BIA. (*See* Traverse, Exhs. B, C.) The appeal in Case No. 05–70573 is now in abeyance.

Petitioner has also filed numerous § 2241 petitions in this district, including *Straube v. Dep't of Homeland Sec.*, No. 05cv0292 JAH (POR) (S.D. Cal. filed Feb. 10, 2005); *Straube v. Immigration and Naturalization Serv.*, No. 05cv2113 IEG (POR) (S.D. Cal. filed Nov. 14, 2005); *Straube v. Immigration and Naturalization Serv.*, No. 06cv1367 IEG (JMA) (S.D.Cal. Jul. 5, 2006); and *Straube v. Chertoff*, No. 07cv0949 JM (JMA) (S.D.Cal. May 24, 2007). On August 16, 2007, this court dismissed the petition in Case No. 07cv0949 for lack of subject matter jurisdiction.

## II. DISCUSSION

### A. Successive Petitions and Abuse of the Writ

Respondents argue that the court should deny the current petition as successive and an abuse of the writ. Petitioner disputes both contentions.

■ Respondents claim that the current petition is successive in light of Petitioner's § 2241 petition in Case No. 07cv0949. While the Anti–Terrorism and Effective Death Penalty Act (AEDPA) of 1996 bars "second or successive" habeas petitions, 28 U.S.C. § 2244(b), these prohibitions do not apply to § 2241 habeas petitions filed by DHS detainees. *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir.2000). The non-AEDPA standards provide that "a habeas court must adjudicate even a successive habeas claim when required to do so by the 'ends of justice.'" *Schlup v. Delo*, 513 U.S. 298, 319, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (quoting *Sanders v.*

*United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963)). As Petitioner notes, the petition in the instant case challenges solely the length and validity of his detention. In contrast, the court dismissed the earlier petition for lack of jurisdiction in part due to Petitioner's challenge to his deportation order. The court agrees that any challenge to the length or validity of his detention in Case No. 07cv0949 was not squarely addressed by either party and was incidental to the attack on the validity of the removal order. Furthermore, as Petitioner also argues, the merits of a challenge to a prolonged detention "depend on a varying calculation of when the detention becomes excessive. Each given unit of additional, unjustified detention presents a new factual situation." (Traverse at 5.) The court therefore finds that, even if the instant petition is successive, the "ends of justice" require the court to review the petition. *See Lema v. United States Immigration and Naturalization Serv.*, 341 F.3d 853, 857 n. 9 (9th Cir.2003) (denying § 2241 petition where removal was not significantly likely in reasonably foreseeable future, but noting that "ends of justice" may require review of successive petition challenging indefinite detention, if brought in good faith).

■ Respondents also argue that the court should deny the petition under the abuse-of-the-writ doctrine. They claim that Petitioner could have raised his claim and arguments in his earlier habeas proceedings. "Generally the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir.2001) (quoting *Calderon v. United States Dist. Court*, 163 F.3d 530, 538 (9th Cir.1998) (en banc)); *see also McCleskey v. Zant*, 499 U.S. 467, 479–96, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (explaining doctrine).

The court rejects this argument for the same reasons it rejects the argument that the petition is successive. Petitioner raises arguments that he did not and could not raise in the previous case. Accordingly, the court finds that the petition does not constitute an abuse of the writ.

## B. Controlling Detention Statute

The parties disagree as to the statute under which Petitioner is detained. The government states that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which provides that the Attorney General may arrest and detain an alien pending a decision on whether the alien should be removed from the United States. (Return at 9 n. 9.) Petitioner initially appears to agree with the government. He explains in his petition that, during his removal proceedings, he admitted he was removable under § 1227(a)(1)(B) because he was present in the country in violation of the immigration laws. (Pet. at 3.) Accordingly, § 1226(a)(1) would authorize his detention. In his traverse, however, Petitioner argues that his detention is authorized by § 1226(c)(1)(C), which provides for the detention of criminal aliens deportable under 8 U.S.C. § 1227(a)(2)(A)(i) "on the basis of an offense for which the alien has been [sentenced] to a term of imprisonment of at least 1 year[.]" 8 U.S.C. § 1227(c)(1)(C). (*See* Traverse at 13–14.)

■ Contrary to the argument in Petitioner's traverse, § 1226(c)(1)(C) cannot authorize Petitioner's detention because an alien becomes deportable under § 1227(a)(2)(A)(i) only upon conviction of a crime of moral turpitude within five years after admission. *See* 8 U.S.C. § 1227(a)(2)(A)(i)(I). Petitioner entered the country in 1976 and was convicted in 1987 for a crime committed in 1986. Because he did not commit a crime within five years of entry, § 1226(c)(1)(C) does not apply. The court therefore finds that § 1226(a)(1) provides the authority for Petitioner's detention.

## C. Applicability of *Zadvydas, Tijani,* and *Nadarajah*

The parties also dispute the applicability in this case of the principles set forth in *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), *Tijani v. Willis,* 430 F.3d 1241 (9th Cir.2005), and *Nadarajah v. Gonzales,* 443 F.3d 1069 (9th Cir.2006).

In *Zadvydas,* the Court held the Attorney General may not indefinitely detain an alien following a final order of removal. 533 U.S. 678, 682, 121 S.Ct. 2491. After the 90–day statutory removal period authorized by 8 U.S.C. § 1231(a)(2), the Attorney General may only detain an alien under 8 U.S.C. § 1231(a)(6) for "a period reasonably necessary to bring about the alien's removal from the United States." *Zadvydas,* 533 U.S. at 689, 121 S.Ct. 2491. The Court instructed that continued detention is unreasonable and unauthorized by statute where "removal is not reasonable foreseeable." *Id.* at 699–700, 121 S.Ct. 2491. The Court also held that a six-month detention is presumptively reasonable. *Id.* at 701, 121 S.Ct. 2491 (beyond six months, government must rebut presumption of unreasonableness).

The Ninth Circuit cited *Zadvydas* in *Tijani,* in which the Attorney General had detained an alien pursuant to 8 U.S.C. § 1226(c) for two years and eight months. *Tijani,* 430 F.3d at 1242. The court stated, "it is constitutionally doubtful that Congress may authorize imprisonment of [two years and eight months] for lawfully admitted residents who are subject to removal." *Id.* To avoid reaching the constitutional issue, the court held that 8 U.S.C. § 1226(c) requires expedited removal and that two years and eight months was not expeditious. *Tijani,* 430 F.3d at 1242.

The court also noted that "the foreseeable process in this court, where the government's brief in Tijani's appeal of the removal has not yet been filed, is a year or more." *Id.*

In *Nadarajah*, the Ninth Circuit followed *Zadvydas* and its progeny in holding that the general immigration detention statutes, 8 U.S.C. §§ 1225(b)(1)(B)(ii) and (b)(2)(A), do not authorize indefinite detention. *Nadarajah*, 443 F.3d at 1076, 1078. The plaintiff in *Nadarajah* had been detained for almost five years, during which he applied for immigration relief and prevailed at every level of administrative review. *Id.* at 1071, 1076. The court reasoned that the existence of statutes specifically authorizing lengthy detention of suspected terrorists demonstrates that, by contrast, the general detention statutes "must be construed as being brief and reasonable[.]" *Id.* at 1079.

Petitioner argues that *Tijani* and *Nadarajah* govern his detention in light of the "trend ... to bring all classes of indefinitely detained aliens under the due process protections recognized in *Zadvydas*." (Pet. at 8.) Respondents claim that *Tijani* and *Nadarajah* do not apply here because those cases apply only to mandatory detention pending administrative removal proceedings. (Return at 6.) Here, Respondents argue, Petitioner's administrative removal proceedings have ended and his detention is the voluntary "result of his choice to remain in the United States pending judicial review of his removal order." (*Id.* at 9.)

Having considered the parties' arguments and the relevant authorities, the court finds that *Tijani* and *Nadarajah* apply to Petitioner's detention. Respondents direct the court to no authority demonstrating that § 1226(a) authorizes a more prolonged period of detention than § 1226(c), which calls for "expedited removal." *Tijani*, 430 F.3d at 1242; *see also*

*Zadvydas*, 533 U.S. at 696–99, 121 S.Ct. 2491 (neither statute nor its legislative history contained clear indication of congressional intent to authorize indefinite detention); *cf. Mau v. Chertoff*, 549 F.Supp.2d 1247, 1251 (S.D.Cal.2008) (reaching same conclusion). To the contrary, both § 1226(a) and § 1226(c) implicate the concerns regarding indefinite detention addressed in *Zadvydas* and its progeny. Furthermore, *Tijani* does not support the contention that its holding applies only to aliens whose administrative proceedings have not concluded. As Petitioner notes, the *Tijani* court considered as part of the "foreseeable process" the time during which the court would consider his appeal of removal. *Tijani*, 430 F.3d at 1242. The court therefore agrees with Chief Judge Gonzalez's holding in *Mau* :

> the *Nadarajah* court's conclusion that "the general immigration detention statutes do not authorize ... indefinite [incarceration]" [is] equally applicable in characterizing both sections 1226(a) and 1226(c). Like section 1226(c), the Court finds detention under section 1226(a) is only authorized for a "reasonable period" and only if there is a "significant likelihood of removal in the reasonably foreseeable future[.]"

*Mau*, 549 F.Supp.2d at 1251 (quoting *Nadarajah*, 443 F.3d at 1079–80).

The court likewise rejects the argument that Petitioner's detention is voluntary. Among other concerns, the court observes that, should Petitioner's appeal result in a remand to the IJ or BIA, Petitioner's ability to participate in his administrative removal proceedings would be severely curtailed. *See* 8 U.S.C. §§ 1229a(b)(5) (consequences of failure to appear at removal proceedings), (b)(7) (limitation on discretionary relief for failure to appear); 8 C.F.R. §§ 1003.3(e) (departure before taking appeal waives right to appeal), 1003.4 (departure after taking appeal but before decision thereon constitutes with-

drawal of appeal). Under these circumstances, Petitioner's detention is not voluntary.[1]

### D. Likelihood of Removal in the Reasonably Foreseeable Future

■ Petitioner argues that no significant likelihood of removal exists in the reasonably foreseeable future. His detention of more than four years significantly exceeds the presumptively-reasonable six-month period articulated in *Zadvydas.* *See Zadvydas,* 533 U.S. at 701, 121 S.Ct. 2491; *see also Nadarajah,* 443 F.3d at 1080 ("A detention of nearly five years ... is plainly unreasonable under any measure."). The Ninth Circuit has placed his appeal of removal in abeyance, the IJ has reissued the removal order, and Petitioner now appears to have commenced his appeal to the BIA. As in *Tijani,* the "foreseeable process ... is a year or more." *Tijani,* 430 F.3d at 1242. The government fails to rebut the claim that Petitioner's removal is reasonably foreseeable. The court therefore finds that Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

### E. Bail Hearing

Petitioner requests that the court order Respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. § 1231(a)(3). Alternatively, he requests that the court order a release hearing to evaluate Petitioner's eligibility for supervision under appropriate conditions.

Because the court finds that no significant likelihood of removal exists in the reasonably foreseeable future, the hereby orders Respondents to provide Petitioner a hearing within 60 days of this order before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community. *See Tijani,* 430 F.3d at 1242 (remanding with directions to grant writ unless bail hearing provided in 60 days); *Mau,* 549 F.Supp.2d at 1253.

### III. CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** in part the petition for writ of habeas corpus. Respondents are **ORDERED** to provide Petitioner a hearing within 60 days of this order before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community.

**IT IS SO ORDERED.**

---

**1.** Accordingly, the court denies Respondents' request for a stay in anticipation of the Ninth Circuit's ruling in *Casas–Castrillon v. Lockyer,* No. 07–56261 (9th Cir. Notice of Appeal filed Aug. 21, 2007). (*See* Return at 9–10.)