Victor Manuel HUIZAR–PEREZ, aka Victor Manuel Huizar Perez, Victor Manuel Hulzar, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–72800.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 4, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Victor Manuel Huizar–Perez, Jalisco, Mexico, pro se.

District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Craig Alan Newell, Jr., Esquire, James Arthur Hunolt, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Victor Manuel Huizar–Perez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to terminate and ordering him removed. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of citizenship. *Solis–Espinoza v. Gonzales,* 401 F.3d 1090, 1092 (9th Cir. 2005). We deny the petition for review.

Contrary to Huizar–Perez's contention, the record before us presents no genuine issue of material fact requiring us to transfer this petition for review to district court for a hearing on Huizar–Perez's claimed derivative United States citizenship. *See* 8 U.S.C. § 1252(b)(5)(A) (where court of appeals determines from the record that no genuine issue of material fact about petitioner's nationality is presented, court shall decide the claim).

Huizar–Perez's Mexican birth certificate provides evidence of his foreign birth, gives rise to a rebuttable presumption of alienage, and shifts the burden of proof to Huizar–Perez to establish derivative U.S. citizenship by a preponderance of the evidence. *See Scales v. INS,* 232 F.3d 1159, 1163 (9th Cir.2000). We agree with the agency's assessment of the record evidence, and conclude that Huizar–Perez failed to meet his evidentiary burden.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.