**Deda Nikoll MAKAJ, Petitioner–Appellant,**

v.

**John K. CROWTHER; et al., Respondents–Appellees.**

No. 07–17332.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Sept. 23, 2008.

Stefan Palys, Robert G. Schaffer, Lewis & Roca, Phoenix, AZ, for Petitioner–Appellant.

Craig W. Kuhn, Victor M. Lawrence, Gjon Juncaj, U.S. Department of Justice, Washington, DC, Cynthia M. Parsons, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Respondents–Appellees.

Before: FARRIS, SILER,* and BEA, Circuit Judges.

### MEMORANDUM **

Deda Nikoll Makaj appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has been detained by the Department of Homeland Security for more than three years during the pendency of proceedings to remove him from the United States. Makaj argues this prolonged detention is unconstitutional. His appeal of the BIA's decision to deny withholding of removal is currently pending before this court. The district court denied Makaj's petition for habeas relief. We vacate the judgment and remand to the district court, in accordance with the joint motion now filed by both parties.

### I

The relief available to Makaj depends in part upon which statute governs his detention. *See Prieto–Romero v. Clark,* 534 F.3d 1053, 1057–62 (9th Cir.2008); *Casas–Castrillon v. Dep't of Homeland Security,* 535 F.3d 942, 944–45 (9th Cir.2008). The government argues that Makaj is detained pursuant to 8 U.S.C. § 1231, but that argument fails because it defies the plain language of the statute. *See Prieto–Romero,* 534 F.3d at 1058–61. Makaj was initially detained pursuant 8 U.S.C. § 1226(c), which requires mandatory detention of criminal aliens. However, § 1226(c) only applies to the "expedited removal of criminal aliens." *Casas–Castrillon,* 535 F.3d at 951 (quoting *Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir.2005)). After the completion of Makaj's proceedings before the BIA, the Attorney General's authority to detain him shifted to § 1226(a), which "gives the Attorney General general discretionary authority to detain an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Id.* (quoting 8 U.S.C. § 1226(a)).

### II

Makaj argues that his detention is not statutorily authorized because it is prolonged and indefinite. While Makaj's detention of more than three years is certainly prolonged, it is not indefinite. *Prieto–Romero,* 534 F.3d at 1062–63. Makaj

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

faces a significant likelihood of removal upon completion of the judicial and administrative review process in his case. If withholding of removal is ultimately denied, there is nothing to prevent Makaj's removal to Albania. *See Casas–Castrillon,* 535 F.3d at 949 ("[T]here is nothing, such as a lack of a repatriation agreement with his home country or a finding that he merits mandatory relief from removal, that prevents Casas' removal to Columbia, if he ultimately fails in fighting the government's charge of removability.").

### III

Finally, although Makaj's detention is statutorily authorized, due process requires the government to provide him with an individualized hearing to determine whether his continued detention is *necessary. See id.* at 949–51. Makaj's previous reviews fall "far short of the procedural protections afforded in ordinary bond hearings, where aliens may contest the necessity of their detention before an immigration judge and have an opportunity to appeal that determination to the BIA." *Id.* at 951–52. The pending joint motion to vacate and remand is granted. Therefore, we vacate the judgment and remand with instructions to grant the writ unless Makaj is provided "a hearing … before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community." *Id.* (quoting *Tijani,* 430 F.3d at 1242).

**VACATED and REMANDED.**