Sofia Krait **WINKLER**, Petitioner,

v.

Gerard **HORGAN**, Respondent.

Civil Action No. 09–10190–PBS.

United States District Court, D. Massachusetts.

June 25, 2009.

Lori H. Levinson, Great Barrington, MA, for Petitioner.

Mark J. Grady, United States Attorney's Office, Boston, MA, for Respondent.

### MEMORANDUM AND ORDER

SARIS, District Judge.

Petitioner, a criminal alien convicted of conspiracy and making false statements, challenges removability on the ground that her convictions do not amount to crimes of moral turpitude within five years of admission. *See* 8 U.S.C. § 1227(a)(2)(A)(i). Having successfully appealed the first order of removal, she now claims that her detention for more than one year pending her removal proceedings on remand violates her due process rights and she should be released on bail. The government argues that subject matter jurisdiction is barred by 8 U.S.C. § 1252(b)(9).

The First Circuit recently held that the "district courts retain jurisdiction over challenges to the legality of detention in the immigration context." *Aguilar v. U.S. Immigration & Customs Enforcement Div. of the Dep't of Homeland Sec.,* 510 F.3d 1, 11 (1st Cir.2007). "This carve-out seemingly encompasses constitutional challenges regarding the availability of bail." *Id.*

The government vigorously, vehemently and vociferously asserts that Section 1252(b)(9) bars the Court from considering at all the strength of the government's case at the removal proceedings in determining whether her due process rights have been violated because these arguments are not "collateral" to or "independent" of the removal proceedings. *Id.* In the government's view, as soon as it determines that an immigrant is subject to mandatory detention under 8 U.S.C. § 1226(c), no bail is permitted regardless of the length of the detention or the merits of the case. It is true that the Supreme Court has held that Section 1226(c) requiring mandatory detention "for the *brief* period necessary" for removal hearings was constitutional. *Demore v. Kim,* 538 U.S. 510, 513, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) (emphasis added). Still, the Supreme Court pointed out that the average time of detention where an alien appealed the decision of the Immigration Judge to the Board of Immigration Appeals is five months. *Id.* at 530, 123 S.Ct. 1708. Here petitioner has been detained more than twice that long. *See Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir.2005) (construing "the authority conferred by section 1226(c) as applying to expedited removal of criminal aliens.").

Moreover, unlike *Demore,* petitioner is challenging removability and the government's primary legal position on removal (that petitioner had been convicted of an aggravated felony) was reversed on appeal; the rest of the case is back on remand before the Immigration Judge be-

cause it was unclear whether the crimes of conviction constituted crimes of moral turpitude under new guidelines issued by the Attorney General. While the Court has no jurisdiction to review petitioner's removability, the length of detention in these circumstances—where the detention is not brief and removability is not clear—raises colorable due process concerns.

The motion to dismiss for lack of subject matter jurisdiction is **DENIED.**