FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO ZAVALA-RAMIREZ, a.k.a. Ricardo Zavala-Rocha,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-73846<br><br>Agency No. A036-624-144<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Ricardo Zavala-Ramirez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004), and for substantial evidence the agency's factual findings, *Solis-Espinoza v. Gonzales*, 401 F.3d 1090, 1092 (9th Cir. 2005). We deny the petition for review.

Zavala-Ramirez's conviction for violating Cal. Health and Safety Code § 11378 is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Cazarez-Gutierrez*, 382 F.3d at 919 (a state drug offense is an aggravated felony for immigration purposes if it contains a trafficking element). Contrary to Zavala-Ramirez's contention, the record of conviction establishes that he was convicted of selling methamphetamine. *See Shepard v. United States*, 544 U.S. 13, 16 (2005) (charging document and transcript of plea colloquy may be used for modified categorical analysis).

The agency properly denied Zavala-Ramirez's claim to derivative citizenship where Zavala-Ramirez's United States citizen mother testified that she was not physically present in the United States for the requisite five years after turning 14 in order to pass citizenship to Zavala-Ramirez. *See* 8 U.S.C. § 1401(a)(7) (1959) (a person shall be a citizen of the United States at birth who is "born outside the geographical limits of the United States . . . of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth

of such person, was physically present in the United States . . . for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years").  It follows that Zavala-Ramirez's due process claim fails.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**