
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALBERTO GONZALEZ-MARQUEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-71861<br><br>BIA No. A-044-371-754<br><br>MEMORANDUM* |

On Petition to Review a Decision of the
Board of Immigration Appeals

Argued and Submitted December 3, 2013
San Francisco, California

Before: GOULD and PAEZ, Circuit Judges, and HUFF, District Judge.**

Petitioner Luis Alberto Gonzalez-Marquez seeks review of the Board of

Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

Judge's order of removal. We have jurisdiction pursuant to 8 U.S.C. §§ 1252(a)(1), (a)(2)(D), (b)(5).

The facts are not disputed.[1] The appeal raises a question of law, which we review de novo. *Solis-Espinoza v. Gonzales*, 401 F.3d 1090, 1092 (9th Cir. 2005).

We conclude that the BIA erred by rejecting Petitioner's claim of derivative citizenship as a "child legitimated under the law of the child's residence or domicile" for the purposes of 8 U.S.C. § 1101(c)(1). Section 1431(a) does not expressly require a blood relationship to the citizen parent (here, Jesus Javier Gonzalez Hernandez; hereinafter Mr. Gonzalez). *Cf. Solis-Espinoza*, 401 F.3d at 1094 (contrasting 8 U.S.C. § 1401(g) with § 1409); *Scales v. INS*, 232 F.3d 1159, 1164-66 (9th Cir. 2000) (declining to add requirements to § 1401(g)).

In 1991, when Petitioner was four, Mr. Gonzalez and Petitioner's mother complied with the formal procedure of "recognition" as set forth in the Mexican State of Chihuahua's Civil Code. The amended birth certificate lists Mr. Gonzalez as Petitioner's father and was officially recorded in the Civil Registry. The

---

[1] We reject the Government's suggestion that further proceedings are necessary to consider the "legal and physical custody" element of § 1431. The Government stipulated to the underlying facts, declined the opportunity to question Petitioner's mother, and limited its case to the legal issue. Moreover, there is no indication in the record that the Petitioner did not reside with his family when they entered the United States in 1994. *See Chau v. INS*, 247 F.3d 1026, 1029 n.5 (9th Cir. 2001).

Petitioner's expert and the Government's expert agree that the Petitioner was legitimated as Mr. Gonzalez's son pursuant to Chihuahua law. We hold that the recognition procedure is consistent with § 1101(c)(1), which refers to and honors concepts of family law from foreign countries. We conclude that the filial connection created by Chihuahua's recognition process "amply satisfies the letter and spirit of the statute." *Rios v. Civiletti*, 571 F. Supp. 218, 222 (D.P.R. 1983). Petitioner enjoys the right to inherit from Mr. Gonzalez; and Mr. Gonzalez undertook the legal obligation to raise Petitioner as if he were his biological or adopted son. "In every practical sense," Petitioner is the "child" of a citizen parent. *Solis-Espinoza*, 401 F.3d at 1094.

For the above reasons, we conclude that Petitioner is a United States citizen by virtue of Mr. Gonzalez's naturalization.

**PETITION GRANTED; REVERSED AND REMANDED.**