**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HECTOR RAMON VALADEZ AGUILAR, | No. 14-71276 |
| Petitioner, | Agency No. A200-806-984 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Secuity

Submitted January 20, 2016 **

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Hector Ramon Valadez Aguilar, a native and citizen of Mexico, petitions for

review of the Department of Homeland Security's ("DHS") April 22, 2014, order

reinstating his 2010 expedited order of removal.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review de novo claims of citizenship.  *Solis-Espinoza v.*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 401 F.3d 1090, 1092 (9th Cir. 2005). We review de novo constitutional challenges to reinstatement orders, but our review is otherwise "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1136-37 (9th Cir. 2008). We deny in part, and dismiss in part, the petition for review.

Contrary to Valadez Aguilar's contention, the record before us presents no genuine issue of material fact requiring us to transfer this petition for review to the district court for a hearing on Valadez Aguilar's claimed derivative United States citizenship. *See* 8 U.S.C. § 1252(b)(5)(A) (where court of appeals determines from the record that no genuine issue of material fact about petitioner's nationality is presented, court shall decide the claim). Valadez Aguilar's statements in his 2014 Record of Sworn Statement provide evidence of his foreign birth, giving rise to a rebuttable presumption of alienage and shifting the burden of proof to Valadez Aguilar to establish derivative United States citizenship by a preponderance of the evidence. *See Scales v. INS*, 232 F.3d 1159, 1163 (9th Cir. 2000). Valadez Aguilar has failed to meet his burden. *See Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (statements by counsel are not evidence). Thus, we find that Valadez Aguilar failed to establish a genuine issue of material fact

14-71276

regarding his nationality. Valadez Aguilar's contention that DHS failed to inquire into his citizenship is belied by the record.

Accordingly, the DHS did not err in issuing Valadez Aguilar's reinstatement order, where the record shows that he is an alien, he was subject to a prior order of removal in 2010, and he illegally reentered subsequent to that order. *See Garcia de Rincon,* 539 F.3d at 1137 (our jurisdiction is limited to reviewing "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner re-entered illegally"); 8 U.S.C. § 1231(a)(5) (if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date").

We lack jurisdiction to consider Valadez Aguilar's collateral attacks on his October 2011 reinstatement order, November 2010 expedited removal order, and July 2010 voluntary return to Mexico. *See id.* at 1138 (noting that, "whatever relief might be gained by the operation of § 1252(a)(2)(D) and the 'gross miscarriage' standard, it is unavailable to [petitioner] because her underlying removal order is an expedited removal order that is subject to additional

jurisdictional bars," *citing* 8 U.S.C. § 1252(a)(2)(A), (e)); 8 U.S.C. § 1252(a)(1), (b).

We do not consider the "Supplemental AR" cited to by the government because it was not filed with this court. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**